FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 0 1 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

CLAUDIA M. ALLORE,

        Plaintiff,

**MEMORANDUM AND ORDER**
17-cv-3729 (AMD) (VMS)

-against-

SPECIALIZED LOAN SERVICING, LLC,

        Defendant.

-----------------------------------------------------------x

**ANN M. DONNELLY,** District Judge:

        The *pro se* plaintiff, Claudia Allore, filed her breach of contract action on June 21, 2017. (ECF No. 1.) On July 5, 2017, Magistrate Judge Vera Scanlon advised the plaintiff that she would recommend dismissal of this action if the plaintiff did not serve the defendant, or show good cause why service had not been made, by September 19, 2017. (ECF No. 4.) The plaintiff did not file proof of service or otherwise indicate that she served the defendant. On December 28, 2017, Judge Scanlon directed the plaintiff to file proof of service by January 12, 2018, and warned her that failure to do so would result in a recommendation of dismissal. The plaintiff did not file proof of service, or contact the Court, and on March 8, 2018, Judge Scanlon issued a report and recommendation recommending that I dismiss the complaint without prejudice. (ECF No. 5.) The plaintiff was given until March 22, 2018 to object to Judge Scanlon's report and recommendation, and on March 13, 2018, the plaintiff filed objections[1] and a proposed amended

---

[1] The plaintiff argues that she did not serve the defendant because she "contemplated amendment(s) to her complaint since the inception of this case . . . ." (ECF No. 6 at 1.)

1

complaint. (ECF Nos. 6, 7.) For the reasons that follow, I adopt Judge Scanlon's recommendation, and dismiss the plaintiff's action without prejudice.

## DISCUSSION

In considering a magistrate judge's report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b). When a magistrate judge makes a recommendation that is dispositive of a party's claim, the district judge must review *de novo* any part of the magistrate judge's decision to which a party properly objects. Fed. R. Civ. P. 72(b)(3). The court may adopt any sections of the magistrate's report to which a party did not object, as long as the magistrate's decision was not "facially erroneous." *Markey v. Lapolla Indus., Inc.*, No. 12-cv-4622-JS-AKT, 2016 WL 324968, at *3 (E.D.N.Y. Jan. 26, 2016) (citation omitted). As the plaintiff is acting *pro se*, I construe her filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Under Fed. R. of Civ. P. 4(m), the plaintiff has 90 days to serve the defendant, or show good cause for failure to serve the complaint. "A plaintiff's *pro se* status is no excuse for failure to serve the defendant properly and does not automatically amount to good cause for failure to serve" in the allotted time. *Jordan v. Forfeiture Support Associates*, 928 F.Supp.2d 588, 598 (E.D.N.Y. 2013); *see also Cassano v. Altshuler*, 186 F.Supp.3d 318, 322 (S.D.N.Y. 2016); *Purzak v. Long Island Hous. Servs., Inc.*, No. 12-CV-1747, 2013 WL 5202711, at *5 (E.D.N.Y. Sept. 13, 2013) ("[T]he deference to plaintiff's *pro se* status "does not extend to satisfying service of process requirements.") (internal quotation marks and citations omitted).

A court has discretion to grant Rule 4(m) extensions even when the plaintiff has not shown good cause. *See Taylor v. Milly's Pizzeria Inc.*, No. 15-cv-4366-KAM-LB, 2016 WL

2991090, at *1 (E.D.N.Y. Apr. 19, 2016) (citing *Zapata v. City of New York*, 502 F.3d 192, 196, (2d Cir. 2007)). In deciding whether to grant discretionary extensions, courts consider (1) "whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of the plaintiff's request for relief from the provision." *Jordan*, 928 F.Supp.2d at 598 (quoting *Carroll v. Certified Moving & Storage, Co.*, No. 04-cv-4446-04-cv-4446-AAR, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005)) (internal quotation marks omitted).

Factors one through three weigh against granting an extension: the six-year statute of limitations period for the breach of contract claims will not expire until 2020,[2] and there is no indication that the defendant had actual notice of the claims,[3] or that the defendant attempted to conceal a defect in service. *See Jordan*, 928 F.Supp.2d at 598 (analyzing factors); *Jones v. Westchester County*, 182 F.Supp.3d 134, 145-146 (S.D.N.Y. 2016) (same). The final factor – whether the defendant will be prejudiced – weighs in the plaintiff's favor, since an obligation to defend a lawsuit does not "rise to the level of prejudice." *Jordan*, 928 F.Supp.2d at 598 (E.D.N.Y. 2013) (quoting *Lumbermens Mut. Cas. Co. v. Dinow*, No. 06-cv-3881-TCP-WDW,

---

[2] The plaintiff states that the loan contract that the defendant allegedly breached was signed in 2014. (ECF No. 1 at ¶22.) *See Bice v. Robb*, 324 F.Appx. 79, 81 (2d Cir. 2009) (New York has a six-year statute of limitations for breach of contract claims).

[3] Although the plaintiff alleges in her complaint that she made "numerous calls" to the defendant about the loan that is the subject of her breach of contract claims, this does not support a finding that the defendant had actual notice of the claims asserted in her complaint. *See Williams v. Mid-Hudson Forensic Psychiatric Center*, No. 16-cv-2188-NSR, 2018 WL 1581684, at * 5 (S.D.N.Y. March 27, 2018) ("Actual notice exists were . . . the defendant actually receives the summons and complaint . . . or a defendant engages in motion practice.") (internal quotation marks and citations omitted); *see also Cassano v. Altshuler*, 186 F.Supp.3d 318, 323 (S.D.N.Y. 2016) ("Neither actual notice nor absence of prejudice to the defendant provides an adequate basis for excusing noncompliance with Rule 4(m), unless plaintiff has diligently attempted to complete service.") (internal quotation marks and citations omitted); *but see Purzak v. Long Island Housing Services, Inc.*, No. 12-cv-1747-JFB-WDW, 2013 WL 5202711 at *7 (Sept. 13, 2013) (finding actual notice where the plaintiff filed a lawsuit in state court involving the same facts, the defendants filed a dispositive motion, and the plaintiff had emailed defense counsel the complaint).

2009 WL 2424198, at *4 (E.D.N.Y. Aug. 6, 2009)) (internal quotation marks omitted).

The plaintiff asserts that she "has yet to formally serve the named [d]efendants . . . due to contemplated amendments" to her initial complaint, and argues that she should be permitted to amend the complaint under Federal Rule of Civil Procedure 15(a). (ECF No. 6.) "The filing of an amended complaint, however, does not restart the . . . period for service under Rule 4(m)." *Sikhs for Justice v. Nath*, 893 F.Supp.2d 598, 607 (S.D.N.Y. 2012); *see also Khanukayev v. City of New York*, No. 09-cv-6175-CM-GWG, 2011 WL 5531496, at *4 (S.D.N.Y. Nov. 15, 2011). While the plaintiff is *pro se*, her failure to serve the complaint is not the result of any lack of legal training. *See Green v. Unwin*, 287 F.R.D. 163, 165 (W.D.N.Y. 2012). On two separate occasions, Judge Scanlon explained, in no uncertain terms, what the plaintiff had to do to effect service, and the consequences of failing to serve the defendant. Nonetheless, the plaintiff made no effort to serve the defendant, nor did she contact the Court to explain the failure to serve. Under these circumstances, and given the fact that three of the four factors weigh against granting an extension, I adopt Judge Scanlon's recommendation to dismiss this case without prejudice. *See also West v. Arbogast*, No. 09-cv-3792-RRM-RML, 2010 WL 5057262, at *3 (E.D.N.Y. Nov. 5, 2010) (dismissing *pro se* action without prejudice where the plaintiff "made no effort" to seek an extension to serve the defendant or to take "any steps to effectuate service"). Further, because the statute of limitations has not expired, dismissal without prejudice does not impose an undue hardship on the plaintiff, who can refile her claims in a new action. *See id.*

## CONCLUSION

Accordingly, the plaintiff's request to amend her complaint is denied, and her claims are dismissed without prejudice. The Clerk of the Court is respectfully directed to enter judgment.

**SO ORDERED.**

                                              s/Ann M. Donnelly
                                     _____
                                     ANN M. DONNELLY
                                     United States District Judge

Dated: Brooklyn, New York
         May 1, 2018